Veronika Fabian, State Bar 018770
Hyung S. Choi, State Bar 015669
CHOI & FABIAN, PLC
90 S. Kyrene Rd., Suite #5
Chandler, AZ 85226
Tel:  (480) 517-1400
Fax:  (480) 517-6955
Veronika@choiandfabian.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Charlene Ignacio Yazzie,<br><br>Plaintiff,<br><br>vs.<br><br>Asset Acceptance, LLC,<br><br>Defendant. | No. _____<br><br>**COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Defendant Asset Acceptance, LLC ("Asset Acceptance") issued a Writ of Garnishment against Plaintiff Charlene Yazzie's ("Charlene") wages for a debt she did not owe.  Asset Acceptance did not have a judgment against Plaintiff Charlene Yazzie.  Instead, it had a judgment against an entirely different individual named Charlene Yazzie.  Charlene, who earns $12.50 an hour working as an administrative assistant for a non-profit organization, was thrown into a tailspin, scrambling around trying to figure out what was going

on and how to stop the garnishment of her wages. Charlene sought legal assistance and was forced to spend time, money, and effort to get the garnishment quashed. Charlene brings this action to remedy Asset Acceptance' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*, and its invasion of her privacy.

## JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. §1337(a).

3. This Court has supplemental jurisdiction over Charlene's state law claim pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

5. Charlene is a member of the Navajo Nation residing in Chinle, Arizona, within the boundaries of the Navajo Nation.

6. Charlene is a natural person, allegedly obligated to pay a debt, and is thus a "consumer" under the FDCPA. 15 U.S.C. § 1692a(3).

7. Defendant Asset Acceptance is a Delaware limited liability company, licensed to do business in Arizona.

2

8. Asset Acceptance regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to another.

9. Asset Acceptance is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

### Charlene

10. Charlene is married to Emerson Yazzie and together they have four children.

11. Charlene lives and works in Chinle, Arizona.

12. Charlene's physical address is seven miles southeast of Rough Rock Chapter House.

13. Charlene lives within Apache County, Arizona.

14. Charlene works as an administrative assistant for Arise, Inc. ("Arise").

15. Arise is a non-profit corporation, which provides services for individuals with developmental disabilities.

16. Charlene earns $12.50 an hour.

17. Charlene's husband Emerson works for Navajo Engineering and Construction earning $12.70 an hour.

18. Charlene's mailing address is P.O. Box KBB-RRTP, Chinle, AZ 86503.[1]

---

[1] Charlene's mailing address appears on some documents as P.O. Box KBK-PRTP. Because the community is so small, the postmaster knows her and she receives mail that is sent to both P.O. Box KBK-PRTP and KBB-PRTP.

19. This has been Charlene's mailing address for the past ten years.

**Underlying Judgment**

20. On March 4, 2013, Asset Acceptance filed a complaint in Holbrook Justice Court, Navajo County, Arizona, against a Charlene Yazzie, residing at 136 E. Hampshire St., Holbrook, AZ 86025-2624 ("the Holbrook address"). (Summons attached as Exh. A).

21. Charlene has never lived at the Holbrook address.

22. The complaint sought to recover for an alleged credit card debt incurred by an different individual who also had the name Charlene Yazzie. ("the true debtor").

23. Upon information and belief, the true debtor incurred the alleged credit card debt for personal, family, or household purposes.

24. The Summons and Complaint were served on the true debtor at the Holbrook address. (Declaration of Service attached as Exh. B).

25. In the Declaration of Service, the true debtor is described as "[a]n American Indian female approx 45-55 years of age 5'6" - 5'8", weighing 220-240 lbs with salt and pepper hair".

26. In contrast, Charlene is 37 years old, 5'3" and weighing 200 lbs.

27. When no answer was filed, Default Judgment was entered against the true debtor and in favor of Asset Acceptance on March 3, 2014 in the amount of

$8,071.96, plus interest of $348.45, and costs of $170.00.  (Default Judgment attached as Exh. C).

28. The default judgment was sent to the true debtor at the Holbrook address.

## The Garnishment

29. Based on the above default judgment, Asset Acceptance filed an application for writ of garnishment of earnings in the Holbrook Justice Court, Navajo County, Arizona on January 11, 2016.  (Application for Writ of Garnishment attached as Exh. D).

30. In its application, Asset Acceptance sought a writ of garnishment against Arise for Charlene's wages.

31. In its application, Asset Acceptance listed the true debtor's last known address as the Holbrook address.

32. Based on Asset Acceptance's application, the Holbrook Justice Court issued a Writ of Garnishment to Arise for Charlene's wages on January 11, 2016.

33. On March 1, 2016, Asset Acceptance served the Writ of Garnishment and accompanying paperwork on Arise in Scottsdale, Arizona.

34. On March 4, 2016, Arise sent a copy of the Writ of Garnishment and accompanying paperwork to Charlene at her P.O. Box in Chinle, Arizona.

35. Charlene received the Writ of Garnishment on March 8, 2016 after coming home from work.

36. Charlene was shocked.

37. Charlene had no idea what the alleged debt was for.

38. Charlene did not believe that the alleged debt was hers but did not know how she was going to prove that.

39. Charlene did not sleep that night.

40. On March 15, 2016, Charlene went to DNA-People's Legal Services ("DNA") during intake hours to request free legal assistance to deal with the issue.

41. This was DNA's first intake day after Charlene had learned of the garnishment.

42. Charlene was at DNA for three hours, first waiting to see an attorney and then meeting with an attorney.

43. Charlene had to take leave from work to go to DNA.

44. Because of high demand for legal services, DNA could not enter an appearance on her behalf.

45. However, DNA advised her to draft a request for hearing and to send it to the attorneys for Asset Acceptance.

46. Following their advice, on March 16, 2016, Charlene filed a Request for Hearing on Garnishment of Earnings.

47. In order to file the request for hearing, Charlene had to drive from Chinle to Holbrook, a distance of 107 miles, taking 1 hour and 45 minutes, each way.

48. Charlene had to take leave from work for the entire day in order to file the request for hearing.

49. Charlene's Request for Hearing listed her address as being in Chinle, AZ 86503.

50. Once again, Chinle is in Apache County, not Navajo County.

51. In her Request, Charlene stated that Asset Acceptance did not have a valid judgment against her.

52. Charlene's Request stated "Proof of Charlene Yazzie -Never lived in Holbrook."

53. Charlene sent a copy of her Request for Hearing to Asset Acceptance's Attorney.

54. On March 21, 2016, the Holbrook Justice Court set a hearing for April 14, 2016.

55. On March 28, 2016, Arise filed an answer to the Writ of Garnishment stating that $240.34 of Charlene's wages were available to send to Asset Acceptance.

56. Arise's Answer listed Charlene's address as being in Chinle, Arizona and not the Holbrook address.

57. Nevertheless, Asset Acceptance applied for an order of continuing lien earnings against Charlene's wages on March 28, 2016. (Application for Order of Continuing Lien Earnings attached as Exh. E).

7

58. In connection with its application for order of continuing lien, Asset Acceptance submitted a proposed order stating that "there has been no timely written objection to the Writ of Garnishment or the Answer of the Garnishee."

59. This statement was incorrect and misleading because Charlene had filed a written request for hearing and the deadline for filing objections had not yet expired.  A.R.S. § 12-1580(A).

60. On April 6, 2016, the Court issued the Order of continuing lien against Charlene's wages using the form of judgment provided by Asset Acceptance. (Order of Continuing Lien attached as Exh. F).

61. After further consultation with DNA, on April 12, 2016, Charlene filed a motion to quash the writ of garnishment on the basis that she lived and worked on the Navajo Nation and thus her wages were exempt from garnishment under *Begay v. Roberts*, 807 P.2 1111 (Ariz. App. 1980).

62. Charlene once again had to take leave from work in order to go to DNA.

63. Once again, the motion to quash listed Charlene's address as being in Chinle, Arizona.

### The April 14, 2016 Hearing

64. On April 14, 2016, Charlene took leave from work in order to travel from Chinle to Holbrook to attend the garnishment hearing personally.

65. Charlene was scared and nervous as she had never been to Court before even with an attorney.

66. At the hearing, Asset Acceptance's attorney argued that the Writ should not be quashed because Charlene had been properly served.

67. Charlene felt as though Asset Acceptance's attorney was accusing her of things that she had not done.

68. When the Court asked Charlene to respond, Charlene told the Court that she was not the true debtor.

69. Charlene told the Court that she had never lived at the Holbrook address or even in Holbrook.

70. Charlene told the Court that she lived in Chinle, Arizona.

71. The Court reviewed the declaration of service in the underlying case and noted the differences in the physical appearance between Charlene and the Charlene Yazzie who was served.

72. Upon the conclusion of the Court's evaluation, the attorney for Asset Acceptance agreed and the Writ of Garnishment was quashed.

73. On April 14, 2016, the Court issued an order quashing the Writ of Garnishment.

**The Effect of These Proceedings on Charlene**

74. From the date she received notice of the garnishment (March 8, 2016) until the Court quashed the Writ of Garnishment, Charlene was extremely upset by what was happening to her.

75. She was scared that if the Writ was not quashed she would fall behind on her bills.

76. She was afraid that she would not be able to support her children.

77. She was nervous, anxious, and stressed, and endured numerous sleepless nights until the Writ was quashed on April 14, 2016.

### COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

78. Asset Acceptance's acts and omissions constitute violations of the Fair Debt Collection Practices Act ("FDCPA"), including, but not limited to:

   A. The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; 15 U.S.C. § 1692e(10);

   B. Misrepresenting the character, amount, or legal status of the debt; 15 U.S.C. §1692e(2)(A);

   C. The threat to take any action that cannot legally be taken or that is not intended to be taken.  15 U.S.C. § 1602e(5);

D. The use of false, deceptive, or misleading representations or means in connection with the collection of a debt; 15 U.S.C. § 1692e, and,

E. The use of unfair or unconscionable means to collect a debt. 15 U.S.C. § 1692f.

F. Applying for a continuing lien of garnishment in a judicial district in which Charlene did not reside. 15 U.S.C. § 1692i(a)(2).

79. As a result of Asset Acceptance's violations of the FDCPA, Charlene suffered damages in an amount to be determined by this Court.

80. Asset Acceptance is therefore liable to Charlene in the sum of her actual damages, statutory damages in the amount of $1,000, and costs and attorney's fees and costs. 15 U.S.C. §1692k(a).

## CAUSE OF ACTION NO. II: INVASION OF PRIVACY

81. Asset Acceptance's debt collection efforts with respect to Charlene were unreasonable.

82. Consequently, Asset Acceptance's acts and omissions constitute an invasion of privacy.

83. As a result of Asset Acceptance's invasion of privacy, Charlene suffered damages in an amount to be determined by this Court.

84. In invading Charlene's privacy, Asset Acceptance acted with an evil mind, intending to injure Charlene or consciously disregarding the substantial risk that its conduct would cause significant harm to Charlene.

85. Charlene is therefore entitled to recover both actual and punitive damages.

## JURY DEMAND

86. Charlene demands a jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court award her:

a. Her actual damages;

b. Punitive damages;

c. Statutory damages in the amount of $1,000 pursuant to 15 U.S.C. §1692k(a)(2);

d. Attorney's fees and costs in bringing this action pursuant to 15 U.S.C. §1692k(a)(3);

e. Prejudgment and post-judgment interest; and,

f. Such other relief as it deems just.

RESPECTFULLY SUBMITTED on August 1, 2016.

CHOI & FABIAN, PLC

/s/ Veronika Fabian
Attorneys for Plaintiff Charlene Yazzie